IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| MERCURY INSURANCE COMPANY OF ILLINOIS, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11 C 8622 |
| EVAN SMOROVSKY and ALEXANDER SERGOV, | ) ) ) | Judge Sharon Johnson Coleman |
| Defendants. | ) ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mercury Insurance Company of Illinois ("Mercury") filed a complaint for declaratory judgment seeking a declaration that it has no duty to defend in a car accident case pending in Florida between the two defendants.[1] Mercury filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that it is entitled to judgment as a matter of law because there is no genuine issue of material fact as to Mercury having no duty to defend these defendants under the policy.

In support of its motion, Mercury argues in part that defendants have been properly served under the relevant Florida statute and have failed to appear or defend in the case at bar. Ordinarily, a motion for judgment based on a defendant's failure to defend is brought as a Rule 55 motion for default judgment. Presumably in this case, Mercury chose to seek a judgment through Rule 56 because it is requesting, not simply a judgment, but a declaration that is has no duty to defend. This Court ordered a briefing schedule to insure that defendant Evan Smorovsky would have an opportunity to respond. Smorovsky has not filed a response, filed an appearance,

---

[1] This Court dismissed defendant Alexander Sergov for lack of personal jurisdiction.

or otherwise indicated his intent to defend in this matter.[2] For the reasons stated below, Mercury's motion for summary judgment is granted.

A party is entitled to summary judgment if all of "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When deciding a motion for summary judgment, the Court must construe all reasonable inferences in the light most favorable to the non-moving party. *Celotex v. Catrett*, 477 U.S. 317, 324 (1986).

The facts here are not in dispute since defendants have not appeared or filed any responses to the motion. See L.R. 56.1; *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)(The failure to respond to statements of undisputed material fact pursuant to L.R. 56.1 results in those facts being deemed admitted). On approximately March 14, 2011, defendant Alexander Sergov filed the underlying lawsuit, *Sergov v. Smorovsky*, in Miami, Florida. That lawsuit arose from a car accident between defendants Sergov and Smorovsky. Mercury was advised of the accident by its insured, Lauren Arenas (now McCauley). Smorovsky has asserted coverage under Ms. Arenas' policy with Mercury.

Mercury issued a policy for automobile insurance to Lauren Arenas, effective from October 2, 2010 to April 4, 2011. Smorovsky is not named as an insured, as an additional insured, or as another driver on the policy. At the time of the accident, Ms. Arenas did not own, lease, borrow, or rent the vehicle driven by Smorovsky. The vehicle was not registered to, or available for use by Ms. Arenas, her relatives, or employer, a resident of her household or any

---

[2] The failure to comply with L.R. 56.1 may result in the Court accepting as true all material facts set forth in the moving party's L.R. 56.1(a) statement, but it does not result in the automatic grant of summary judgment. See *Raymond v. Ameritech Corp.*, 442 F.3d. 600, 608 (7th Cir. 2006). The Court must still evaluate all the facts in the light most favorable to the nonmoving party and determine whether the moving party is entitled to judgment as a matter of law. *Id.*

other person listed in the "Other Drivers" section of the policy. The vehicle was also not described in the declarations page of the policy. Smorovsky did not reside with Ms. Arenas and was not a relative of hers. At the time of the accident, Smorovsky was not operating the vehicle with Ms. Arenas' permission or within the scope of any such permission. The vehicle operated by Smorovsky had not been operated, rented, or in the possession of any insured under the policy for at least 12 consecutive days prior to the accident.

The Mercury policy at issue contains no choice of law provision. However, a federal court sitting in diversity applies the substantive law of the state where the court sits, including its choice of law principles. *See Harper v. Vigilant Ins. Co.*, 433 F.3d 521, 525 (7th Cir. 2005). "Absent an express choice of law, insurance policy provisions are generally 'governed by the location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract.'" *Lapham-Hickey Steel Corp. v. Protection Mut. Ins. Co.,* 166 Ill. 2d 520, 526-527 (1995) (quoting *Hofeld v. Nationwide Life Insurance Co.*, 59 Ill. 2d 522, 528 (1975)). Ms. Arenas' provided an Illinois address for the policy, the insurance agent is located in Illinois and Mercury is an Illinois company. Thus, this Court will apply Illinois law to interpret the contract.

"To determine whether the insurer has a duty to defend the insured, the court must look to the allegations in the underlying complaint and compare these allegations to the relevant provisions of the insurance policy. If the facts alleged in the underlying complaint fall within, or potentially within, the policy's coverage, the insurer's duty to defend arises. Refusal to defend is unjustifiable unless it is clear from the face of the underlying complaint that the facts alleged do

not fall potentially within the policy's coverage." *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 154 Ill. 2d 90, 107-108 (Ill. 1992) (internal citations omitted).

Here, Smorovsky is clearly not an insured as defined in the policy. He is not the Named Insured. He is also neither a relative nor listed in the "Other Drivers" provision. Ms. Arenas provided an affidavit that she had not given Smorovsky permission to drive her car, which was garaged in Illinois at the time of the incident. The vehicle driven by Smorovsky also did not qualify under the policy as "Your Car" since it was not Ms. Arenas' car or "newly acquired car." Nor does the vehicle fit under any other provision covered by the policy. Therefore, Smorovsky is not an insured under the policy and the vehicle he was driving at the time of the accident is likewise not a covered vehicle. Mercury is thus entitled to judgment as a matter of law on that score and has no duty to defend.

Mercury is also entitled to judgment in its favor based on Smorovsky's failure to notify Mercury of the accident at issue in the underlying action and of the filing of the underlying law suit as required under the policy. In Illinois, the failure to comply with the notice provision in the policy waives the right to coverage under the policy. *Country Mut. Ins. Co. v. Livorsi Marine, Inc.*, 222 Ill.2d 303, 316 (Ill. 2006).

Based on the foregoing, Mercury's motion for summary judgment is granted and judgment should be entered in its favor.

IT IS SO ORDERED.

Date: May 22, 2012

Entered: _____
Sharon Johnson Coleman